IN THE MATTER OF THE ESTATE OF ISAAC TURNER.
CHESTER B. TURNER'S APPEAL.

*Wills—Construction—Exclusion of heirs.*

A man after deeding some land to one of his sons in consideration of the latter's relinquishing all claims of inheritance, made a will in which his wife and another son were the only legatees specifically named. He provided that his wife should have the use of $7000 until this son became of age, when the son was to have $2000 of it. When the mother died the remaing $5000 was to revert to the estate and the son was to share in it "*with the rest of my heirs.*" *Held* that this clause practically revoked the former arrangement by which the other son was excluded from any right of inheritance, and entitled him not only to a share in the $5000 but in any surplus for distribution.

Error to Kent. (Montgomery, J.)    Jan. 11.—Jan. 15.

Appeal from probate order rejecting a claim against an estate.    Claimant brings error.    Reversed.

*Fletcher & Wanty* and *S. S. Babcock* for appellant.    A clause in a will excluding an heir from further participation in an estate will not prevent him from taking his share of an undistributed remainder.    *Hitchcock v. Hitchcock* 35 Penn. St. 393 ; *Crane v. Doty* 1 Ohio St. 279 ; *Linell v. Linell* 21 N. J. Eq. 81 ; *Thompson v. Carmichael* 3 Sandf. Ch. 120 ; *Atkins v. Kron* 2 Ired. Eq. 58 ; the doctrine of advancement applies only to cases of total intestacy : *Stew-*

*art v. Pattison* 8 Gill 56; *Linell v. Linell* 21 N. J. Eq. 81; *Black v. Whitall* 9 N. J. Eq. 572; *Newman v. Wilbourne* 1 Hill (S. C.) Eq. 10; *Sinkler v. Sinkler* 2 Dessau. 139; *Snelgrove v. Snelgrove* 4 Dessau. 274; *Brown v. Brown* 2 Ired. Eq. 309; *Donnell v. Mateer* 5 Ired. Eq. 7; *Jerkins v. Mitchell* 4 Jones Eq. 207; *Wilson v. Miller* 1 Patt. & H. 395; *Newell's Case* 1 Browne (Pa.) 311; *Brewton v. Brewton* 30 Ga. 416.

*Maher & Felker*, for appellee, argued that the claimant was barred from participation in the estate, and cited *Quarles v. Quarles* 4 Mass. 680; *Kenney v. Tucker* 8 Mass. 143; *Fitch v. Fitch* 8 Pick. 479; *Nesmith v. Dinsmore* 17 N. H. 515; *Parsons v. Ely* 45 Ill. 232; *Bishop v. Davenport* 58 Ill. 105; 2 Story's Eq. Jur. § 1040 *b.*; acceptance by him of a deed from the testator containing a clause of relinquishment of any claim as heir is as binding on him as though the deed were inter partes: *Crawford v. Edwards* 33 Mich. 354; *Trotter v. Hughes* 12 N. Y. 74; *Bayley v. McCoy* 8 Oregon 259; *Lockyer v. Savage* 2 Str. 947; *Medcalf v. Ives* 1 Atk. 63; *Fawkner v. Watts* id. 405; *Edwards v. Freeman* 2 P. Wms. 435; *Cox v. Belitha* id. 274; expectancies can be conveyed (*Bayler v Com.* 40 Penn. St. 40; *M'Clure v. M'Clure* 1 Phila. 117) unless the agreement therefor is unconscionable as against the heir: *Davis v. Hayden* 9 Mass. 514; *Amory v. Gilman* 2 Mass. 1; see *Beckley v. Newland* 2 P. Wms. 182; *Hobson v. Trevor* id. 191; *Clayton v. Duke of Newcastle* 2 Ch. Cas. 112; *Wiseman v. Roper* 1 Rep. in Ch'y 158; 17 Cent. L. J. 68; omission to dispose of part of an estate by will, after placing specific legacies, leaves the residuum not specifically disposed of subject to the statute of distributions and advancements the same as intestate property: *Bane v. Wick* 14 Ohio St. 507; and as to the residuum heirs who have had advancements must account: *Pearce v. Gleaves* 10 Yerg. 359, citing *Gold v. Vaughan* 4 Sneed 245; *Perry v. High* 3 Head 349; *Vance v. Huling* 2 Yerg. 315; *Norwood v. Branch* 2 L. R. 598.

CAMPBELL, J.   The controversy in this case is whether Chester B. Turner, one of the heirs at law of Isaac Turner, deceased, is deprived of his right to share in the residue of the estate, after paying legacies, by reason of the grant to him of certain land by a deed which stated as one of the considerations the relinquishment of all right to his father the grantor's estate, as heir or otherwise.   This deed was made two years before the will.   There is in the hands of the executor $3600 for distribution among the heirs.   That sum, divided among them ratably, would not give each as much as the value of the land so granted.   The will is printed in full in the report of a former controversy concerning a sum of $5000 to be distributed under it, in 48 Mich. 369.   The decision below was against appellant's right to share.   This being so, a short summary will be sufficient.

The will, made in June, 1876, became operative on testator's death in 1879.   It begins by a general recital of his desire to dispose of his property, and to provide for his wife and her child Isaac.   It gives his wife a life estate in his homestead, and the use of $7000 during Isaac's minority, and gives her absolutely his household furniture, implements, horses and carriages.   Isaac was to have the reversion of the homestead, and to receive on his majority $2000 out of the $7000, the remaining $5000 to be for her use for life.   The will declares that "at her death said five thousand dollars to revert to my estate."

In case of the wife's death during Isaac's minority he was to have an annuity of $300 a year, and all accumulations from its savings, in addition to the $2000.   The legacies to Isaac were to be in lieu of his share in the estate, "except to the amount of his share in the five thousand dollars which said Elizabeth Miller Turner is to have the use of from the time of said Isaac becoming of the age of twenty-one years until her death; and he is to have said interest in five thousand dollars with the rest of my heirs, even if said Elizabeth shall die before the said Isaac becomes twenty-one years of age."

It was the opinion of this Court that by the will the testator indicated that Chester B. Turner was not to be cut off from the heirship in the sum of $5000, (which was the fund formerly in controversy,) by reason of any prior conveyance or advancement, and that the will must be regarded as operating to remove that effect if it would have otherwise operated. While it was not necessarily decided that this action of the will would have a similar operation as to the remainder of the estate, it was so intimated, and we think such is its meaning. The $5000 was by a previous clause to fall into the bulk of his estate on the death of the wife. When it is provided that Isaac is to share in the sum of $5000, "*with the rest of my heirs,*" it seems to indicate that the persons so referred to are the heirs generally, and not the heirs to that specific sum, which is only set apart from the rest of the property as the measure of Isaac's share. It would be a somewhat unnatural interpretation to imply in this matter qualifications which should divide the heirs into classes. This record does not show how matters stood in the way of advancements with the rest of the heirs. But if Chester is, as we have held, to take at all under this will as an heir, we can see no reason for dealing with him under the will on any different footing from the rest, and we can conceive no reason why such a peculiar intention should be imputed to the testator. If the will is, as we hold it to be, a practical revocation of any exclusion from inheritance under the grant, nothing appears to indicate that the revocation was meant to be partial or qualified. It would have been a very simple matter to declare such different intention if such was testator's desire.

The interesting discussion of the law of advancements and relinquishments of heirship does not, in our view of the case, require to be considered further.

We think the adjudications below were erroneous, and that appellant is entitled to the same privileges as the other general heirs, and it must be so adjudged and certified.

The other Justices concurred.